ELDRIDGE HAWKINS LLC, Attorney at Law
Attorney ID No. 214731967
60 Evergreen Place, Suite 510
East Orange, New Jersey 07018
Tel: (973) 676-5070 Fax: (973) 676-7356
Email: hwklaw@aol.com
*Attorney for Plaintiff*

CECILE D. PORTILLA, ATTORNEY AT LAW LLC
7 Glenwood Avenue, Suite 400
East Orange, NJ 07017
Phone (973) 419 2325   Fax (973) 669 3268
Attorney Id:  021212005
portillalaw@gmail.com
*Co-Counsel to Plaintiff*

| | |
|---|---|
| **CECILE D. PORTILLA, ESQUIRE**<br>Plaintiff | **UNITED STATES DISTRICT COURT**<br>**DISTRICT  OF NEW JERSEY**<br><br>**Case #**<br><br>**Civil Action** |
| **CHARLES CENTINARO, in his official capacity as Director of the Office of Attorney Ethics; ALEXANDRA GITTER, individually and Officially; R. CHOPRA, individually and Officially; JOHN DOES 1–10,**<br><br>Defendants | **MOTION FOR A TEMPORARY RESTRAINING ORDER WITH PRELIMINARY INJUNCTION AND ORDER TO SHOW CAUSE** |

Plaintiff, Cecile D. Portilla, Esq., respectfully moves under Fed. R. Civ. P. 65(b) for a Temporary Restraining Order enjoining Defendants from enforcing or acting upon the Office of Attorney Ethics' order compelling her to (1) undergo a psychiatric evaluation, and (2) produce private medical and mental-health records.

In support of this motion, Plaintiff relies upon:

The Verified Complaint attached which provides sworn factual support;

1

Plaintiff's Brief in Support of Temporary Restraining Order and Preliminary Injunction, which sets forth the governing legal standards and demonstrates Plaintiff's likelihood of success;

The Certification of Counsel pursuant to Rule 65(b)(1)(B) regarding notice; and
The Proposed Order to Show Cause with Temporary Restraints and preliminary injunction submitted herewith.

## I. GROUNDS FOR IMMEDIATE RELIEF

Immediate injunctive relief is required because the OAE's compelled psychiatric-evaluation order was obtained solely through an investigative certification that is demonstrably false, materially misleading, and permeated with deliberate omissions and distortions. As set forth in the Verified Complaint, Investigator R. Chopra's submission:

Mischaracterizes litigation documents;
Fabricates statements never made;
Omits exculpatory facts;
Conceals the existence and relevance of the 2022 Notice of Claim; and
Presents four-year-old, treated symptoms as current mental-health concerns.

These defects are not clerical or inadvertent. They constitute fraud upon the tribunal under long-standing New Jersey and federal precedents, including *Shammas v. Shammas*, 9 N.J. 321 (1952). The OAE relied exclusively on this tainted certification to obtain an intrusive order compelling psychiatric examination and medical disclosure.

2

There is no clear and convincing evidence of incapacity, impairment, or misconduct. Plaintiff's treating provider—who addressed past trauma related to cyber-terror—affirmed on July 28, 2025 that Plaintiff is mentally competent. The OAE's action is predicated entirely on the content of Plaintiff's speech, her advocacy before the New Jersey Supreme Court, and her personal civil litigation against the Essex County Prosecutor's Office—not on professional performance or conduct.

Deputy Ethics Counsel Alexandra Gitter further contributed to the procedural unfairness by misrepresenting the documents under review, concealing the 2022 Notice of Claim, and depriving Plaintiff of any opportunity to address or contextualize the material later weaponized in Chopra's certification. This constitutes extrinsic fraud that prevented a fair and meaningful hearing.

Because the compelled-evaluation order rests entirely on this fraudulent foundation, it violates:

**Due Process**

**Equal Protection**

**First Amendment protections for attorney speech and petitioning**

**Constitutional privacy and bodily-integrity rights**

**Federal and state prohibitions on perceived-disability discrimination**

New Jersey's fundamental-fairness doctrine

Plaintiff is overwhelmingly likely to succeed on the merits of her motion to strike the certification and invalidate the compelled-evaluation order.

3

## II. IRREPARABLE HARM

Absent immediate relief, Plaintiff will be forced into:

**A coercive psychiatric examination;**

**Compelled disclosure of private medical records;**

**A presumption of impairment without evidence; and**

**A process designed to produce a predetermined outcome.**

The OAE's order also unlawfully delegates to a medical contractor the determination of Plaintiff's ability to practice law—an authority reserved exclusively to the judiciary under Article I, ¶ 9 of the New Jersey Constitution and N.J.S.A. 2A:67-28. Such an intrusion on constitutional rights constitutes irreparable harm as a matter of law.

## III. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Issue a Temporary Restraining Order immediately enjoining Defendants from enforcing or acting upon the OAE's compelled psychiatric-evaluation order;

2. Enjoin Defendants from requiring Plaintiff to produce medical or mental-health records pending further order of the Court;

3. Set a return date for a Preliminary Injunction hearing; and

4. Grant such other relief as the Court deems just and proper.

## IV. NOTICE

Pursuant to **Rule 65(b)(1)(B)**, Plaintiff's counsel certifies that Defendants have been notified via email on 01/22/2026 that an application is being filed.

4

## V. PROPOSED ORDER

A Proposed Order to Show Cause with Temporary Restraints and Preliminary Injunction is submitted contemporaneously.

## CONCLUSION

For the reasons set forth in the Verified Complaint, the accompanying Brief, and this Motion,

Plaintiff respectfully requests that the Court grant a Temporary Restraining Order enjoining

enforcement of the OAE's compelled psychiatric-evaluation order and associated demands for

medical disclosure.

/s/ Eldridge Hawkins
ELDRIDGE HAWKINS, ESQUIRE

Dated: January 22, 2026

5